### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD WILLINGHAM, #R-20053,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00912-MJR |
| ) | |
| GRAHAM CORRECTIONAL CENTER, ) | |
| VIENNA CORRECTIONAL CENTER, ) | |
| and ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Howard Willingham, an inmate who is currently incarcerated at Vienna Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. According to the complaint, Plaintiff is a right foot amputee, who was stripped of his medically-modified shoes at Graham Correctional Center in July 2013. He did not receive footwear that is adapted for this condition until twenty-one months later at Vienna Correctional Center (Doc. 1, p. 4; Doc. 1-1, pp. 1-2). Even then, he was issued inserts that did not properly function. Plaintiff now sues Vienna Correctional Center, Graham Correctional Center, and the Illinois Department of Corrections for monetary damages and injunctive relief (Doc. 1, p. 5).

**The Complaint**

According to the complaint, Plaintiff has a partially amputated right foot, which necessitates the use of medically-modified shoes (Doc. 1, p. 4). Plaintiff was in possession of the proper shoes when he was taken into custody at Graham Correctional Center ("Graham") in

July 2013.  However, they were taken from him because they are red.  In their place, Plaintiff was issued a pair of boots.

On his first night at Graham, Plaintiff was assigned to the top bunk and, predictably, fell to the floor when descending from the bunk on his partially amputated right foot.  The following day, he was assigned to a low bunk in another cell and issued a slow walking pass.  He met with a doctor ("Defendant Doe #1")[1] approximately five times about his request for medically-modified shoes, but he did not receive any.  And although Plaintiff filed grievances addressing these issues on August 9th, August 16th, and September 16th, they were all denied as meritless.  Graham's health care administrator, Susan Griffin, apparently relayed this information to Plaintiff (Doc. 1-1, p. 1).

Plaintiff was transferred to Robinson Correctional Center ("Robinson") in October 2013 (Doc. 1-1, p. 1).  When he asked one of Robinson's doctors ("Defendant Doe #2") for medically-modified shoes, the doctor could not find an authorization for the shoes in the Illinois Department of Corrections' ("IDOC") system.  Plaintiff later learned that the IDOC had not approved Plaintiff's request for them.  Despite Plaintiff's persistent and continuing requests for shoes, the IDOC did not approve the request until February 2014.  By that time, Plaintiff's right foot "was bleeding an[d] had soars on it."

Before receiving the shoes, Plaintiff was transferred to Vienna Correctional Center ("Vienna") on March 13, 2014 (Doc. 1-1, p. 1).  On April 16th, Plaintiff was issued an insert for his right boot.  The insert was not made for use on stairs (Doc. 1-1, p. 2).  Therefore, when Plaintiff attempted to walk up a set of stairs, his right boot fell off.

---

[1] Although he did not name them as Defendants in this action, the Court has designated each of Plaintiff's treating doctors as Defendants, based on the allegations set forth in the complaint against them. Because their identity is currently unknown, these Defendants are identified herein as "Doe #1," "Doe #2," and "Doe #3."

On May 13th, Plaintiff met with a doctor ("Defendant Doe #3") at Vienna. The doctor left him on a medical hold and modified his status to "medical unassigned." On June 1st, he was issued a new inmate activity card with a low bunk and low gallery permit. Because of his medical status, however, he was unable to attend school. He was also discouraged from requesting a medical transfer based on his impending release date (Doc. 1-1, p. 2).

Plaintiff specifically seeks monetary damages (Doc. 1, p. 5). Construing the complaint liberally, the Court also finds that Plaintiff seeks injunctive relief, in the form of an order for the issuance of medically-modified shoes.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

Based on the allegations in the complaint, the Court finds it convenient to divide this *pro se* action into two counts.[2] The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

---

[2] The Court is mindful of the fact that Plaintiff is proceeding *pro se* and is, therefore, held to a less exacting pleading standard. Under such circumstances, the Seventh Circuit has instructed district courts "to analyze a litigant's claims and not just legal theories that he propounds." *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). Under this standard, the Court construes the complaint liberally upon preliminary review.

> **Count 1:** Defendants violated Plaintiff's right to receive adequate medical care under the Eighth Amendment when they failed to provide him with medically-modified shoes;
>
> **Count 2:** Defendants violated the Americans with Disabilities Act ("ADA") and/or Rehabilitation Act ("RA") by failing to provide Plaintiff with medically-modified shoes at Graham, Robinson, and Vienna.

**<u>Count 1</u>**

After carefully considering the allegations, the Court finds that the complaint states a colorable Eighth Amendment medical needs claim (**Count 1**) against the doctors at Graham (Doe #1), Robinson (Doe #2), and Vienna (Doe #3), based on their failure to issue Plaintiff medically-modified shoes. To the extent that Plaintiff seeks injunctive relief in the form of an order for properly fitting shoes, the Court shall also allow Plaintiff to proceed with Count 1 against Vienna's warden, in his or her official capacity only.

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Id.*

At this early stage in litigation, the Court finds that the complaint satisfies the minimum pleading requirements for an Eighth Amendment medical needs claim. Plaintiff's partially amputated right foot, lack of adequate footwear, and resulting injuries is sufficiently serious to meet the Court's threshold standard for an objectively serious medical

need. The complaint also suggests that the doctors at Graham (Doe #1), Robinson (Doe #2), and Vienna (Doe #3) exhibited deliberate indifference toward Plaintiff's medical needs, when they repeatedly denied his requests for medically-modified shoes over a twenty-one month period. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Doe #1, Doe #2, Doe #3, and Vienna's warden (official capacity only).

However, Count 1 cannot proceed against the IDOC, Graham, or Vienna. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). The IDOC is not a "person," who is amenable to suit under § 1983. Likewise, Graham and Vienna, which are both divisions of the IDOC, are not "persons" within the meaning of the Civil Rights Act. *See Will*, 491 U.S. at 71. Because they are not amenable to suit under § 1983, Count 1 shall be dismissed against the IDOC, Graham, and Vienna.[3]

## Count 2

The complaint also states a viable claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794-94e (**Count 2**). The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public

---

[3] However, as previously stated, Plaintiff shall be allowed to proceed with his request for injunctive relief against Vienna's warden.

entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. To state a claim under the RA, the complaint must only allege that: (1) Plaintiff is a qualified person; (2) with a disability; and (3) the IDOC denied him access to a program or activity because of his disability. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). The Supreme Court "has located a duty to accommodate in the statute generally," and refusing to make reasonable accommodations is tantamount to denying access. *Id.* (citing *Wis. Cmty. Serv.*, 465 F.3d 737, 747 (7th Cir. 2006); *Alexander v. Choate*, 469 U.S. 287, 300-01 (1985)). In other words, discrimination under both the ADA and RA includes the failure to accommodate a disability. The analysis under the ADA and RA is the same in this particular suit, except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Jaros*, 684 F.3d at 671.

In order to satisfy the pleading standards for these claims, Plaintiff is required to plead facts that "plausibly (even if improbably) support each element of his claim." *Jaros*, 684 F.3d at 672 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011)). The complaint satisfies this standard at the early pleadings stage. According to the complaint, Plaintiff is a right foot amputee, who was not only denied access to medically-modified shoes that would allow him to move around each facility, but he was also denied access to alternative devices that might have assisted him with mobility, such as a cane. In addition, he was precluded from participating in an educational program, based on his medical

status. At this early stage, Plaintiff shall be allowed to proceed with the ADA claim, as well as the RA claim, under Count 2.[4]

Turning to the issue of *who* to sue, the Court notes that individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has named the IDOC, Graham, and Vienna as Defendants, but it is not necessary to name all three because Plaintiff can secure only one recovery. He seeks monetary damages[5] and injunctive relief for discrimination that allegedly occurred at three institutions within the IDOC. Under these circumstances, the Court will allow Plaintiff to proceed with **Count 2** against the IDOC and its director[6] (in his or her official capacity). This claim shall be dismissed against all remaining defendants without prejudice.

**Identification of Unknown Defendants**

Plaintiff will be allowed to proceed with his claims against certain unknown defendants, including his treating doctors at Graham (Doe #1), Robinson (Doe #2), and Vienna (Doe #3). While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*,

---

[4] As a practical matter, dismissal of one of these claims would have no effect on the scope of Plaintiff's remedy. *Jaros*, 684 F.3d at 671-72. The relief available to Plaintiff under the ADA and the Rehabilitation Act is coextensive. *See* 29 U.S.C. § 794A; *see also* 42 U.S.C. §12117 (both incorporating 42 U.S.C. § 2000e-5 for a private right of action). Plaintiffs may have only one recovery. *Jaros*, 684 F.3d at 671. Given the early stage in litigation, however, the Court will allow Plaintiff to proceed on both claims under Count 2.

[5] *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524 (7th Cir. 2014) (citing *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002) (recognizing that compensatory, but not punitive, damages are available in a private cause of action under the ADA and RA).

[6] *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring that any injunctive relief is carried out).

110 F.3d 516, 519 (7th Cir. 1997). Moreover, the parties cannot be served with process or respond to the complaint until they are identified.

For that reason, Plaintiff will be required to identify these Defendants with specificity, in order to pursue his claim(s) against them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a claim against them, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). If he does not already know the names of the unknown defendants (Doe #1, Doe #2, Doe #3), Plaintiff may use the discovery process to identify them. Vienna's warden and the IDOC's director shall respond to any discovery requests submitted by Plaintiff that are aimed at identifying these unknown parties. Once identified, Plaintiff will be required to file an amended complaint naming each of the "Doe" Defendants in the case caption and throughout the amended complaint.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 2), which is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

**Disposition**

The **CLERK** is hereby **DIRECTED** to add the following Defendants to this action: **DOE #1, DOE #2, DOE #3, VIENNA'S WARDEN (official capacity only)**, and the **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (official capacity only)**.

**IT IS HEREBY ORDERED** that **VIENNA CORRECTIONAL CENTER** and **GRAHAM CORRECTIONAL CENTER** are dismissed without prejudice from this action.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2,** the Clerk of Court

shall prepare for Defendants **VIENNA'S WARDEN (official capacity only)**, **ILLINOIS DEPARTMENT OF CORRECTIONS,** and the **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown (Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. The amended complaint must stand on its own; it supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including expedited discovery aimed at identifying the "Doe" Defendants and a decision on Plaintiff's motion for recruitment of counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 16, 2014**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**